**SO ORDERED.**

**SIGNED this 16 day of February, 2010.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

| | |
|---|---|
| GEORGIA ARNETTE GREEN aka: DR. GEORGIA GREEN SHUA MINISTRIES, | CASE NUMBER: 09-06673-8-RDD CHAPTER 7 |
| DEBTOR. | |

_____

IN RE:

| | |
|---|---|
| GEORGIA ARNETTE GREEN SHUA MINISTRIES, | ADVERSARY PROCEEDING NO. 09-00202-8-RDD |
| **Plaintiff** | |
| v. | |
| UNIVERSITY AUTO CARE AUSTIN JAMES JACKIE JAMES, | |
| **Defendants.** | |

_____

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

This matter came before the court on the debtor-plaintiff's motion for default judgment. A hearing on this matter was held on January 12, 2010, in Wilson, North Carolina. Both parties were

present at the hearing and represented their interests *pro se.*

## BACKGROUND

On July 31, 2009, the defendant, University Auto Care, towed the debtor's car, a 1991 Cadillac Deville, from the Scottish Manor Apartments in Greenville, North Carolina. The debtor states that she suffers from retinopathy, a degenerative condition which leads to permanent visual impairment. On the date of towing, the debtor parked her car illegally because she was unable to see the sign alerting her that she was in a no parking zone. Both parties agree that the towing occurred pre-petition, and that the towing itself was lawful.

The debtor filed for relief under chapter 7 of the Bankruptcy Code on August 10, 2009. On September 18, 2009, the debtor filed a complaint seeking damages against the defendants for violation of the automatic stay. In the complaint, the debtor contends that the automatic stay was violated when the defendants refused to return her vehicle. However, on September 21, 2009, the debtor paid University Auto Care $175.00 to retrieve her car. The debtor acquired the $175.00 from a State Employee's Credit Union loan in the approximate amount of $500.00. Once the car was returned, the defendants failed to file an answer to the complaint.

The debtor now seeks a default judgment for the relief sought in the complaint, and for other monetary expenses incurred while the defendants were in possession of the vehicle. The debtor claims damages caused as a result of the towing as the basis for a declaratory judgment. At the hearing, the debtor stated that until she paid for the return of her vehicle, she relied on the kindness of individuals for transportation. The debtor further stated that this was costly since she lives out in the country and has a longer commute to run errands or attend appointments. The debtor reimbursed those individuals who assisted her with transportation. Also, the debtor alleged that the

inconvenience of not having her vehicle took a physical toll on her kidneys, which she contends are failing.

In response to the debtor's allegations, Jackie James ("James"), owner of University Auto Care, presented the court with a letter from the North Carolina Division of Motor Vehicles ("DMV").  As required by law, James reported the debtor's vehicle to the DMV as unclaimed after storing it for a period of 10 days.  The letter states that the vehicle towed is titled to a Shua Ministry, not the debtor.  Furthermore, James stated that he gave the debtor several opportunities to retrieve the vehicle and ultimately reduced his towing and storage fee from $380.00 to $175.00.

On January 13, 2010, the date after the hearing on this matter, the chapter 7 trustee filed his final report of no distribution.  Therefore, pursuant to 11 U.S.C. § 554(c) upon entry of the trustee's report, the vehicle was abandoned to the debtor.  However, the vehicle was property of the estate pursuant to 11 U.S.C. § 541, during the transactions and occurrences between the debtor and defendant that occurred on or after August 10, 2009.  Therefore, the court must determine if the debtor, under these facts, is entitled to default judgment.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 55 as incorporated through Bankruptcy Rule 7055, default judgments are authorized when a defendant fails to "plead or otherwise defend."  The court, however, may consider several factors in determining whether the granting of a default judgment is appropriate.  Among the factors to be considered are 1) whether the plaintiff will be prejudiced; 2) would the granting of default result in injustice; and, 3) the meritoriousness of the action.  Hudson v. State of North Carolina, 158 F.R.D. 78, 80 (E.D.N.C. 1994).  Of these factors, "decisions based on merits of an action are favored over judgments entered on procedural default."  Id. (*citing*

3

Meehan v. Snow, 652 F.2d 274, 277 (2nd Cir. 1981)). In the case at hand, the defendants did fail to answer the complaint, but appeared at the hearing to defend and present evidence. However, the court does not find that entry of a default judgment is merited.

Under North Carolina law, a person who tows and stores a motor vehicle in the ordinary course of business has a lien upon the vehicle for a reasonable amount owing for towing and storage. N.C.G.S. § 44A-2(d). The lien arises when possession of the property is acquired, and remains intact unless the property is voluntarily relinquished. N.C.G.S. § 44-3. Therefore, when the towing of the debtor's car occurred, the defendant was entitled to and did have a lien upon the vehicle, so long as possession of the vehicle was not surrendered.

It is of no consequence that the vehicle was not titled in the debtor's name. Ownership of the vehicle is attributable to the debtor.[1] Shua Ministry is not a legally recognized entity under the laws of North Carolina. By the debtor's own admission, it is a business that she has or is trying to start. Therefore, Shua Ministry is a sole proprietorship of the debtor, Georgia Green. 1 Steven C. Alberty, Advising Small Businesses § 3:2 (2009). Assets of a sole proprietorship are assets of the sole proprietor. Id. Thus, the vehicle, regardless of the name on the title, was property of the debtor at the time of towing and became property of the estate upon filing.

Once the automatic stay comes into effect, a lienor may not take action which would create, perfect, or enforce a lien "to the extent that such lien secured a claim that arose before the commencement of the case." 11 U.S.C. § 362(a)(5). The court finds that the defendant lawfully towed the vehicle on July 31, 2009, pre-petition. For the period of time that the defendant,

---

[1] This determination is different than that reached at the hearing. Upon further consideration, the court finds that the subject vehicle while not titled in the debtor's name, does belong solely to the debtor, as a sole proprietor of Shua Ministry.

4

University Auto Care, had possession of the car, it was entitled to a statutory possessory lien on the vehicle. The storage lien to which it was entitled was created and perfected *before the commencement of the case*. (emphasis added) Based on the record, the court is not convinced that the defendant did anything more than maintain possession of the vehicle after the commencement of the case. Moreover, the debtor failed to offer any adequate protection to the defendant for relinquishment of the vehicle. Without adequate protection, surrender of the vehicle would have extinguished defendant's lien. While the continued storage of the vehicle sustained the defendant's lien, such action does not amount to enforcement of the lien or wilful violation of the automatic stay. It is certainly understandable that not having accessible transportation may have inconvenienced the debtor. However, inconvenience is not necessarily prejudicial. In light of these facts, the debtor has failed to state a claim on which relief can be granted. Therefore, the debtor's complaint is without merit.

Based on the foregoing, the motion for default judgment is **DENIED.** Furthermore, because the debtor failed to state a claim for which relief can be granted, and the facts presented at the hearing do not amount to a wilful violation of the automatic stay, the adversary proceeding against all defendants are dismissed with prejudice.

    **SO ORDERED.**

**END OF DOCUMENT**